# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KRYSTEN D. WADE, | Case No: 1:18-cv-201 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff Krysten Wade filed this Social Security appeal to challenge the Defendant's non-disability finding. In February 2019, the Court remanded this matter under sentence four of 42 U.S.C. §405(g). (Docs.13, 14). Thereafter, Plaintiff was awarded $5,000.00 in fees and $400.00 in costs under the Equal Access to Justice Act (EAJA). (Doc. 16)

On August 19, 2020 Plaintiff's counsel filed a motion with this Court seeking an additional award of $11,888.50 in attorney's fees pursuant to 42 U.S.C. §406(b). (Doc. 17). Plaintiff's motion references and attaches a Notice of Award, dated August 17, 2020. (Doc. 17). Notably, following remand, Plaintiff was found to be disabled as of December 2013. In order to avoid a duplicate recovery and under controlling case law, counsel attached a letter from the U.S. Department of the Treasury showing that the previous award of fees under EAJA was used to repay Plaintiff's student loan debt. (Doc. 17 at 9). See *Jankovich v. Sec'y*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

On September 2, 2020, the Commissioner filed a response that acknowledged that the Commissioner has no financial interest in whether or not Plaintiff's motion for § 406(b)

fees is granted, since such fees are paid out of Plaintiff's past-due benefits award  - unlike EAJA fee awards which are paid by the Commissioner.  As this Court recently reiterated in a published decision, courts have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap."  *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)).  In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee is "reasonable," including: (1) the *Hayes* test;[1] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors.  The requested award easily satisfies the *Hayes* test, arguably eliminating any need to review other factors in the case presented.

Having independently reviewed Plaintiff's motion, the undersigned concludes that the motion should be granted in full because the requested fee is within the 25% statutory cap on fee awards for work performed in federal court, and is otherwise reasonable.  *See generally Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."). [2]

---

[1] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).
[2] The prior EAJA award was paid by the Commissioner.  However, all fees awarded under 42 U.S.C. §406(b) are paid directly by the plaintiff and reduce the total amount of benefits to the disabled individual.  Applying an offset rather than requiring a refund serves the dual purpose of balancing the purpose of the EAJA and preserving benefits awarded under the Social Security Act.

**Conclusion and Recommendations**

Accordingly, **IT IS RECOMMENDED THAT**: Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 23) should be **GRANTED**. Counsel should be awarded a gross fee of $11, 882.50, under 42 U.S.C. §406(b).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KRYSTEN D. WADE, | Case No: 1:18-cv-201 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).